Elizabeth D. Tate, SBA # 32659
2953 North 48th Street
Phoenix, AZ 85018-7749
Phone: (602) 670-4653
Fax: (602) 595-5959
E-mail: attorneyelizabethtate@yahoo.com
Attorney for Plaintiff, Ondrea Snyder

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Ondrea Snyder,**  Plaintiff,  v.  **Prescott Healthcare Solutions, LLC, d/b/a Optima Medical**  Defendant. | Case #  **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Ondrea Snyder by and through Elizabeth D. Tate, her undersigned attorney of record, submit this Complaint for relief and Demand for Jury Trial pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 3, 7(a)1, 8(a), and 38(a, b).

### 1. Plaintiff's 5 Claims

Count One: 42 U.S.C. 1981 Retaliation for Having Protested Race Discrimination.

Count Two: 42 U.S.C. 1981 – Race Discrimination in Employment.

1

Count Three: Title VII   42 U.S.C. § 2000 e   Race Discrimination in Employment.

Count Four: Title VII 42 U.S.C. § 2000-3(a)   Retaliation for Having Protested Race Discrimination.

Count Five:   ADEA 29 U.S.C. § 623 Age Discrimination in Employment.

## 2. The Parties, Jurisdiction and Venue

**1.**   At all times material to this Complaint, the Plaintiff,   Ondrea Snyder ("Nurse Snyder") and has been:

(A) an adult resident of Maricopa County, Arizona; and

(B) employed by the Defendant, Prescott Healthcare Solutions, LLC, d/b/a Optima Medical as nurse practitioner.

(C) a person whose race is African American, and age is over 40.

(D) a person who is qualified to perform her job as nurse practitioner.

**2.** Defendant Prescott Healthcare Solutions, LLC ,   d/b/a Optima Medical, "Optima"   has been at all times material to this Complaint:

(A) a domestic for-profit corporation with ten medical offices in various cities in the State of Arizona

(B) providing primary care healthcare utilizing physician assistants and nurse practitioners to service its patients.

(C) the "employer" of Nurse Snyder.

**3.**   All events alleged herein occurred within the State of Arizona.

**4.** This Court has personal jurisdiction over the parties based upon the foregoing facts.

**5.** This Court has subject matter jurisdiction for the five claims herein because all arise from federal statutes, 28 U.S.C. 1331, and as provided by 28 U.S.C. 1343(a)(3,4).

**6.** This Court (Phoenix Division) is the proper venue for this action pursuant to 28 U.S.C. 1391(b) (1, 2).

### 3. General Fact Allegations

**7.** Optime hired Nurse Snyder on or about June 3, 2019, as a nurse practitioner.

**8.** Nurse Snyder has 30 years of experience as a nurse and performed her job well, receiving praise from her employer and patients alike. Optima recognized Nurse Snyder's achievement and designated Nurse Snyder as a "top performer."

**9.** Nurse Snyder is the only African American nurse practitioner for Optima. Optima assigned Nurse Snyder to its Peoria officer where Christy Graham was office manager. Ms. Graham did not like Nurse Snyder because of her race and would say racially insulting things to Nurse Snyder like, "Black don't crack" and "You seem to have all these Black children in your house everyday eating you out of house and home."

**10.** Ms. Graham would also discriminate against Nurse Snyder for her race and age by assigning Nurse Snyder a heavier caseload than Nurse Snyder's younger, Caucasian, colleague, Katherine DeGimano, in addition to making the racially derogatory comments to Nurse Snyder. Ms. Graham treated Nurse DeGimano more favorably than

Nurse Snyder by assigning Nurse DeGimano a lighter caseload   because Nurse DeGimano is Caucasian and younger than Nurse Snyder.

11. Additionally, when Nurse Snyder asked for FMLA, Ms. Graham denied Nurse Snyder FMLA but treated a younger Latina nurse more favorably by granting the Latina nurse   FMLA when the Latina nurse did not even qualify for FMLA.

11.   Nurse Snyder did not like Ms. Graham's racially derogatory comments and preferential treatment   based on age and race   that Ms. Graham conferred upon Nurse DeGimano and the Latina nurse. So, in   December of 2020, Nurse Snyder complained to Mike O'Neil, Caucasian and in his 40s,   about the situation.

12.   On January 13, 2021, Nurse Snyder made a formal complaint about Ms. Graham's discriminating against her for race and age to Katherine Ferrer, Caucasian in her 20s,   and head of HR.   When Ms. Graham found out that Nurse Snyder reported her to Ms. Ferrer in HR, Ms. Graham told Nurse Snyder, "You're done here!"   and subjected Nurse Snyder to adverse action by   terminating   Nurse Snyder.

13. When Nurse Snyder protested Ms. Graham terminating her, Ms. Ferrer informed Nurse Snyder that Ms. Graham did not have the authority to fire Nurse Snyder and told Nurse Snyder to come back to work. So, Nurse Snyder went back to work.

14. When Nurse Snyder came back to work, Ms. Graham was angry with her for protesting discrimination.   On January 19, 2021, Ms. Graham   subjected Nurse Snyder to another adverse action and retaliated against Nurse Snyder by moving Nurse Snyder's office to a hazardous storage closet with a circuit breaker box that emanated EMF

4

radiation. Ms. Graham's adverse actions against Nurse Snyder were causally linked to Nurse Snyder protesting discrimination.

15. Nurse Snyder did not consent nor was she ever consulted or advised that Ms. Graham was going to move her office to the hazardous storage closet. Nurse Snyder reported Ms. Graham the office was moved but no action was taken against Ms. Graham for retaliating against Nurse Snyder. Instead, Nurse Snyder was asked to transfer to another office, but Optima never transferred Nurse Snyder and the discrimination continued.

16. Finally, on March 26, 2021, Nurse Snyder could no longer tolerate the discrimination and hostility and was constructively terminated because Optima refused to remediate the hostility and discrimination that Nurse Snyder experienced.

17. Optima's discriminatory hiring decisions overall oppression of Nurse Snyder took a toll on her health As a direct and proximate result of the conduct described above by Optima, Nurse Snyder has suffered damages including loss of self-esteem, having to worry about being treated unfairly daily, oppression and harassment.

20. The conduct of Optima alleged herein with respect to Nurse Snyder was done with a deliberate and malicious intent to discriminate against him in violation of federal statutes including, inter alia 42 U.S.C. 1981 and Title VII because of her race and age and treating her disparately as alleged herein. Therefore, Nurse Snyder should be awarded, inter alia, punitive damages.

### 4. Demand for Jury Trial

Plaintiff demands a trial by jury pursuant to the Seventh Amendment to the United States Constitution, and FRCP Rule 38(a, b).

### 5. Requested Relief

<u>Count One:  42 USC 1981- Retaliation for Having Protested Race Discrimination.</u>

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4.  Her  taxable costs incurred herein, pursuant to FRCP Rule 54(d) (1), LRCiv Rule 54.1, and 28 U.S.C. 1920.

<u>Count Two: 42 USC 1981-Race Discrimination in Employment</u>

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4.  His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

<u>Count Three: Title VII Retaliation for Having Protested Race Discrimination</u>

Compensatory and general damages in an amount to be determined by the trier-of-fact.

2. Punitive damages in an amount to be determined by the trier of fact

3. Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. Her taxable costs incurred herein, pursuant to FRCP Rule 54(d)

Count Four: Title VII Race Discrimination

Compensatory and general damages in an amount to be determined by the trier-of-fact.

2. Punitive damages in an amount to be determined by the trier of fact

3. Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. Her taxable costs incurred herein, pursuant to FRCP Rule 54(d)

Count Five:   Age Discrimination in Employment 29 U.S.C. § 623.

1. Liquidated damages in an amount to be determined by the trier-of-fact.

2. Her reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

3. Her   taxable costs incurred herein, pursuant to FRCP Rule 54(d).

Respectfully submitted this May 22, 2023.

/s/ Elizabeth D. Tate

_____
Elizabeth D. Tate